30561.   CHRISTIAN *v.* THE STATE.

Decided June 30, 1944.

*Swift Tyler, Robert B. Poole,* for plaintiff in error.

*Lindley W. Camp,* solicitor, *John A. Boykin,* solicitor-general, *Durwood T. Pye,* contra.

GARDNER, J. ■ The assignments of error designated a, b, c, and d may be considered together as the general grounds. It is argued under grounds a, b, and c that there is no sufficient, competent, legal evidence to sustain the verdict; and under ground d that there is no evidence to show that the crime, if any, was committed within the two-year period of the statute of limitation. As to the sufficiency of the evidence to sustain the verdict here, all the arguments urged in this case are controlled by what we have said in the case of *Mills* v. *State,* 71 *Ga. App.* 353 (30 S. E. 2d, 824). As to the contention that the evidence does not show that the crime was committed within the two-year limitation period, this question is controlled adversely to the movant by the decision in the case of *Lunsford* v. *State,* 60 *Ga. App.* 537 (4 S. E. 2d, 112), and *Williams* v. *State,* 71 *Ga. App.* 155 (30 S. E. 2d, 356). Moreover, we might here state that the paraphernalia found authorized the jury to conclude that all except the adding machines were current, and currently used in the participation in and the maintenance of the lottery which was proved to be in operation on the date of the arrest. As to the adding machines, the evidence disclosed that they were not used in the operation of the lottery, but they were offered in evidence by the State with the other articles, in bulk, and the objection interposed to the introduction of the entire bulk of the articles was that "we object to everything offered in evidence except the money taken off Mr. Christian, $1200 approximately, on the ground that Mr. Christian has not been connected with any of them." The court overruled the objection, and admitted the evidence. Since all of the evidence was admissible except perhaps the adding machines, the court did not err in admitting all of the evidence offered in bulk, under these general objections. Notwithstanding the lottery tickets bore no date and it did not appear that the adding-machine tape was produced by the use of either of the machines seized, the jury were amply authorized to find that at the time of the defendant's arrest he was engaged as a banker or headquarters-man in the operation and maintenance of a lottery known as the "number game."

352

■ Special ground e assigns error on the admission in evidence of a previous conviction of "Frank Christian" of a similar offense in 1937 in the criminal court of Fulton County, which was introduced for the purpose of showing the state of mind, motive, and intent of the defendant. The objection argued to the introduction of this testimony is three-fold: (1) That it was too remote; (2) that the defendant was not identified as the person named in the previous accusation; and (3) that the accusation had written on its face "paid fine for speeding," and "paid damages to W. O. Slaton for damage to automobile." The first two contentions are controlled adversely to the defendant by the decision in *Mills* v. *State,* supra. As to the third contention, the court specifically stated to the jury that, in considering the case, they should not consider the notations as to speeding and payment of damages. The court further instructed the jury specifically that the conviction on the other occasion should not be considered by them for any purpose except to illustrate the state of the defendant's mind. As to the notations, in view of the instructions given by the court, this is controlled adversely to the defendant in *Hyde* v. *State,* 196 *Ga.* 475 (5) (26 S. E. 2d, 744).

The court did not err in dismissing the certiorari for any of the reasons assigned.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*